UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN FRANKLIN PARKS, | ) | 1:06-cv-00664-OWW-TAG |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING RESPONDENT TO FILE A RESPONSE |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 31, 2006, Petitioner filed a petition for writ of habeas corpus. (Doc. 1). Petitioner alleges that the procedures of the Bureau of Prisons ("BOP"), by which inmates are evaluated for placement in a Residential Rehabilitation Center ("RRC") approximately one year before the end of their sentence and only qualify for a maximum of six months in RRC placement, are illegal. (Doc. 1, p. 2).

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94

(6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manor.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody);  Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center);  Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Tubwell, 37 F.3d 175 (alleging error in parol revocation); Hutchings, 835 F.2d at185-86 (claiming Board of Parole mistakenly denied petitioner's release); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Hutchings, 835 F.2d at187; Brown, 610 F.2d at 677.

       In this case, petitioner is alleging that BOP's procedures related to RRC placement for inmates are illegal.  Petitioner is thus challenging the execution of his sentence rather than the imposition of that sentence.  Thus, his petition is proper under 28 U.S.C. § 2241.  In addition, because petitioner is currently incarcerated at the United States Prison, Atwater, California, which is within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the petition.

       Because petitioner may be entitled to the requested relief if the claimed violations of rights are proved, respondents are ORDERED to file a response within forty-five (45) days of this order's date of service. See 28 U.S.C. § 2243; cf. Rule 4 of the Rules Governing Section 2254 Cases.  Respondents shall include with the response any and all transcripts or other documents relevant to the determination of the issues presented in the petition.

## ORDER

Accordingly, the Court ORDERS that:

    1. Respondents SHALL file a response to the petition within forty-five (45) days of

1 | this order's date of service and include with that response any and all documents relevant to the
2 | determination of the issues presented in the petition;
3 |              2. Petitioner's traverse, if any, is due on or before thirty (30) days from the date
4 | respondent's response is filed; and
5 |              3. The Clerk of the Court shall serve a copy of this order together with a copy of
6 | petitioner's petition, along with all exhibits, on the United States Attorney for the Eastern District of
7 | California or his representative and the United States Bureau of Prisons.

IT IS SO ORDERED.

Dated:   **November 21, 2007**                            /s/ Theresa A. Goldner
                                                    UNITED STATES MAGISTRATE JUDGE